a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOEY COPOUS JR #510560, Plaintiff | CIVIL DOCKET NO. 1:21-CV-00038 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| NATCHITOCHES PARISH DETENTION CENTER ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 6) filed by *pro se* Plaintiff Joey Copous, Jr. ("Copous"). Copous is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Natchitoches Parish Detention Center. Copous alleges that Defendants deprived him of his constitutional rights.

Because Copous fails to state a claim for which relief can be granted, his Complaint (ECF No. 6) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Copous alleges that he was "trying to get the attention of deputies for help with a personal problem" by waving at the cell camera. ECF No. 6 at 3. After approximately two hours, Sgt. Kay opened the slot in the door and "emptied a canister of Mace" at Copous's face and body "without warning." *Id.* Copous claims he was denied medical care after the incident. ECF No. 11.

1

Copous further claims that he received a disciplinary conviction for aggravated disobedience, but did not lose any good time credits. ECF No. 11 at 2. He was sanctioned with 10 days of disciplinary confinement. *Id.* Copous claims that the disciplinary report contained false information. *Id.*

Finally, Copous claims that he was prevented by Captain Sers from filing "a complaint." ECF No. 6 at 3.

## II. Law and Analysis

### A. Copous's Complaint is subject to preliminary screening.

Copous is a prisoner who has been granted leave to proceed *in forma pauperis*. ECF No. 8. As a prisoner seeking redress from an officer or employee of a governmental entity, Copous's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Copous's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Copous fails to allege a physical injury.

Copous alleges that he received a 10 to 30 second burst of chemical spray and was not provided with medical care thereafter. ECF No. 11. According to 42 U.S.C. § 1997e(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. And the injury must be more than *de minimis*. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("Without an allegation of a more than de minimis physical injury," a prisoner plaintiff's complaint lacks any merit.").

Copous alleges that he suffered headaches and eye inflammation following the use of Mace. ECF No. 11. However, he does not allege that he suffered more than a *de minimis* physical injury from either the alleged excessive force or the lack of medical care. *See Bradshaw v. Unknown Lieutenant,* 48 F. App'x 106 (5th Cir. 2002) (unpublished) (burning eyes and skin for approximately 24 hours, twitching of eyes, blurred vision, irritation of nose and throat, blistering of skin, rapid heartbeat, mental anguish, shock and fear from use of Mace was *de minimis*); *Haskins v. Louisiana Dep't of Pub. Safety & Corr.*, 3:10-CV-0634, 2010 WL 3257307, at *2 (W.D. La. Aug. 16, 2010) ("Plaintiff does not contend that he suffered more than a *de minimis* physical injury associated with temporary effects of exposure to pepper spray."); *Miller v. Thibideux*, 2:06-CV-833, 2008 WL 4999226, at *2 (W.D. La. Sept. 30, 2008) (use of chemical agent resulted in *de mimimis* injury).

3

C. <u>Copous fails to state a claim regarding the disciplinary report.</u>

Copous complains of inaccuracies in his disciplinary report. To establish a due process violation, a plaintiff must show that he was deprived of a liberty interest protected by the Constitution or other federal law. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). In the context of prison disciplinary proceedings, not every punishment gives rise to a constitutional claim. *See id.* at 485–86. Rather, a prisoner's constitutionally protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (internal citations omitted).

Copous did not lose good conduct time as a result of the disciplinary conviction. ECF No. 11. The sanction of 10 days of segregation that Copous received does not implicate due process concerns because it did not "inevitably affect the duration" of Copous's sentence or otherwise impose an atypical or significant hardship. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Thus, Copous has no Due Process protection as to his disciplinary conviction.

D. <u>Copous fails to state a claim regarding his ability to file a Complaint.</u>

Copous alleges that, because he was held in segregation, he was unable to file "a complaint." It is unclear whether he means a civil rights complaint—which he has now filed—or an administrative grievance. Copous was able to file both, and his claim fails either way.

4

The right of access to the courts is not unlimited and includes only a reasonable opportunity to file non-frivolous legal claims challenging the prisoner's convictions or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, in order to state a claim, a plaintiff must demonstrate that his position as a litigant was actually prejudiced. *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)). The requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Instead, a plaintiff must, at the very least, show that he was prevented from filing a non-frivolous pleading.

Copous was able to file this Complaint within three months of the alleged incident, as well as an Amended Complaint. He has not alleged that he was prevented from filing any non-frivolous pleading.

Copous also filed an administrative grievance, which he says was rejected in December 2020. ECF No. 1 at 8. Even if Copous was unable to file an administrative grievance, a prisoner does not have a constitutional right to a grievance process. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is meritless); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007); *Taylor v. Cockrell*, 92 F. App'x 77, 2004 WL 287339 at *1 (5th Cir. 2004); *see also Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding the institution

5

of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

III. <u>Conclusion</u>

Because Copous fails to state a claim for which relief can be granted, IT IS RECOMMENDED that the Complaint (ECF No. 6) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(B) and 1915A(b).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 12, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE